972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John L. SCRIPP, III, Plaintiff Appellant,
v.
ST. LOUIS COMMUNITY COLLEGE; Gwendolyn Y. Reed; Lois Bliss;
John Clark; Edith Binder; Claude Brown; John J.
McLaughlin; Michael Crawford; Doris
Eldridge; Defendants Appellees.
 No. 91-3097.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1992.
Filed: July 24, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 John L. Scripp, III, commenced this action claiming that defendants violated his constitutional rights and Missouri law in discharging him from his position as Assistant Director of Human Resources of St. Louis Community College. Scripp appeals the district court's[1] grant of summary judgment in favor of defendants. We affirm.
 
 
 2
 In March 1988, Scripp was a member of the College's administrative staff working under his third one-year probationary contract. He was reprimanded by his immediate supervisor, filed a grievance, and selected as his grievance representative the chief negotiator for the teachers' organization in ongoing contract negotiations with the College. Because of this possible conflict of interest, the College removed Scripp from its negotiating team. He subsequently received timely written notice of non-renewal pursuant to Board Policy § 3B.7(D), which provides that, "At the discretion of the College, all personnel on probationary status may be subject to non-renewal of contract on an annual basis." Scripp completed his probationary year and commenced this § 1983 action.
 
 
 3
 The district court held that Scripp as a probationary employee did not have a constitutionally protected property interest in the continuation of employment after his contract expired; that the mere non-renewal of his probationary contract was not a deprivation of liberty; and that his selection of a grievance representative was not protected First Amendment activity. After carefully reviewing the record, we affirm for the reasons stated in the district court's thorough and well-reasoned opinion. See 8th Cir. Rule 47B.
 
 
 
 [1]
 The HONORABLE DAVID D. NOCE, United States Magistrate Judge for the Eastern District of Missouri, to whom this matter was referred pursuant to 28 U.S.C. § 636(c)